UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE                                                               Case No. 10-30430-WRS
                                                                    Chapter 7

KEITH A. NELMS,

      Debtor

CHASE BANK USA, NA and
JPMORGAN CHASE NA,

      Plaintiffs

vs.                                                                 Adv. Proc. No. 10-3042-WRS

KEITH A. NELMS,

      Defendant

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court on the motion for summary judgment filed by Chase Bank. (Docs. 93, 100). Defendant Keith A. Nelms has filed an Affidavit and Brief in opposition to the motion. (Docs. 98, 99). For the reasons set forth below, the motion is DENIED. The Court will, by way of a separate order, schedule a Pretrial Conference. At the Conference, the parties should be prepared to state how long it will take to try this case.

## I. FACTS

Defendant Keith A. Nelms filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on February 22, 2010. (Case No. 10-30430, Doc. 1). Nelms owned two corporations, Allegro Law, LLC, and Allegro Financial Services, LLC, at the time he filed

bankruptcy. Nelms' Chapter 7 Trustee, Daniel Hamm, filed petitions in bankruptcy on behalf of both corporations in an effort to take control of the assets of those corporations. On March 12, 2010, petitions were filed for both Allegro Financial, Case No., 10-30630, and Allegro Law, Case No. 10-30631. On June 1, 2010, Chase Bank filed a timely complaint seeking a determination of the dischargeability of Nelms' indebtedness to it. (Doc. 1). Chase Bank contends that Nelms' indebtedness is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4) and (6).

On September 30, 2013, Chase Bank filed a motion for summary judgment supported by voluminous exhibits. (Doc. 93). Chase Bank complains that it was defrauded, or harmed, by Nelms' actions in connection with debt elimination and debt management activities which were done through his two corporations. Nelms filed an affidavit in response which is barely more than a page in length.

Chase complains that Nelms acquired the business done by the Hess-Kennedy firm following action taken by the Florida Attorney General. Nelms, acting through his Allegro debt management entities sent Chase more than 6,000 form letters purporting to dispute debts owed. Nelms did not have a good faith basis for disputing these debts and Chase claims that it was harmed as a result of delay resulting from the false disputes. Chase further claims that $39,000,000.00 which should have properly been paid to it was instead diverted by Nelms to himself and others. Nelms does not dispute much of what Chase alleges, however, he does deny that he perpetrated a fraud.

2

## II.  LAW

This is an Adversary Proceeding to determine whether a debt owed by Nelms to Chase Bank should be excepted from his discharge.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding.  28 U.S.C. § 157(b)(2)(I).  As the motion for summary judgment is denied, this is not a final order.

Summary judgment is appropriate only when no material facts are in dispute.  Rule 56, Fed. R. Civ. P., made applicable pursuant to Rule 7056, Fed. R. Bankr. P.; Thrasher v. State Farm Fire and Cas. Co., 734 F.2d 637 (11th Cir. 1984).  "When determining whether the movant has met its burden, courts should review the evidence and all factual inferences therefrom in a light most favorable to the party opposing the motion.  Moreover, all reasonable doubts about the facts should be resolved in favor of the nonmovant."  Id. at 638-39 (internal citations omitted).

In the case at bar, Chase Bank seeks a determination that Nelms' indebtedness should be found to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4) or (6).[1]  The Court will examine each of the assigned grounds for nondischargeability.  First, considering § 523(a)(2),

> (a) A discharge under section 727 . . . does not discharge an indivdual debtor from any debt–
> * * *

---

[1] In reading Nelms' response to the motion for summary judgment it appears that he may be confused as to what is in issue here.  Chase seeks only a determination of nondischargeability, that is a declaration that any debt owed by Nelms is excepted from his discharge pursuant to 11 U.S.C. § 523(a)(2), (4) or (6).  Chase is not seeking, in this proceeding, to liquidate the amount of any indebtedness, leaving that for adjudication in another court at a later time.  It may well be that Chase will proceed against Nelms in a proceeding in the Southern District of New York, but that is a separate matter.

3

> (2) for money, property, services . . to the extent obtained by –
> (A) false pretenses, a false representation or actual fraud

11 U.S.C. § 523(a)(2). The elements a plaintiff must prove in an action under §523(a)(2) are as follows:

> (1) the debtor made a false representation of a past or current material fact;
> (2) with the intent to deceive the creditor;
> (3) The creditor justifiable relied upon the representation;
> (4) the creditor sustained loss as a proximate result of the representation.

St. Laurent v. Ambrose (In re St. Laurent), 992 F.2d 672, 676 (11th Cir. 1993); Capital Chevrolet v. Bullock (In re Bullock), 317 B.R. 885, 888-89 (Bankr. M.D. Ala. 2004).

Second, under § 523(a)(4), the Bankruptcy Code excepts from discharge debts arising out of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In a case recently handed down by the Supreme Court, it was held that "the term [defalcation] requires an intentional wrong." Bullock v. Bankchampaign, N.A., 133 S.Ct. 1754, 1759 (2013).

Third, § 523(a)(6) excepts from discharge debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court has held that this exception from discharge does not encompass debts arising from negligence, gross negligence or recklessness; rather, for a debt to be excepted from discharge under this provision, the debtor must have intended the harm. Kawaauhau v. Geiger, 523 U.S. 57, 61-62, 118 S.Ct. 974, 976, 140 L.Ed.2d 90 (1998). Considering the three exceptions from discharge here, 523(a)(2), (4) and (6), one may see that the common element is intent on the part of the debtor, either to defraud or cause harm.

Generally speaking, the Court is reluctant to grant summary judgment when the Bank's claims hinge on Nelms' intent to defraud them. In a case handed down by a Bankruptcy Court in Iowa, the plaintiff's summary judgment was denied where, as here, the bank made claims of nondischargeability under § 523(a)(2), (4) and (6). Peoples State Bank of Albia v. Knowles (In re Knowles), 337 B.R. 680 (Bankr. S.D. Iowa 2005). "[I]ssues such as intent and reliance are generally inappropriate for resolution by summary judgment. The same set of facts or circumstances are relevant to all of the several exceptions to discharge pleaded by the Bank." Id. at 684; see also Hardin v. Pitney-Bowes Incorp., 451 U.S. 1008 (1981) ("It has long been established that it is inappropriate to resolve issues of credibility, motive, and intent on motions for summary judgment.").

For Chase Bank to prevail on its motion, it must show, by undisputed evidence, that Nelms either intended to defraud it or that Nelms intentionally set out to do it harm. To defeat Chase Bank's motion, Nelms need do nothing more than state, in his affidavit, that regardless of what he may have done, or failed to do, he did not intend to defraud or cause harm. In looking at Nelms' affidavit, he has not specifically denied such an intent. Yet, giving Nelms the benefit of the doubt, as the law requires the Court, one may infer such a denial from the filing. Nelms, in his affidavit, appears to make the argument that all of his activities through Allegro law were done with no intent to harm the customers. That is, Nelms makes the argument that all fees collected by Allegro were disclosed in the service contracts and that mechanisms were in place for customers to monitor their account status. Drawing all inferences in favor of Nelms, it appears there is a genuine issue of material fact as to Nelms' intent and motive in allegedly defrauding Chase Bank.

### III. CONCLUSION

Admittedly, this is a little like a game of "Name that Tune," where one attempts to recognize a tune in the fewest number of notes possible. Here, Nelms is attempting to defeat a motion for summary judgment while saying as little as possible. Given that the issue is one of Nelms' intent, the Court concludes that, drawing all inferences in favor of Nelms – the nonmoving party – that the issue of his intent is in dispute and that this is sufficient to defeat the motion for summary judgment. The Court will deny the motion by way of a separate order.

Done this 9th day of January, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Lee M. Pope, Attorney for Plaintiffs
  Keith A. Nelms